# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **TARAS KERR, #813913,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | SA-19-CV-01449-XR |
| § | |
| **DONALD TRUMP, PRESIDENT,** § | |
| **WILLIAM BARR, ATTORNEY** § | |
| **GENERAL, AND FEDERAL BUREAU** § | |
| **OF INVESTIGATION,** § | |
| § | |
| **Defendants.** § | |

## ORDER OF DISMISSAL

Before the Court is the Civil Rights Complaint filed by Plaintiff Taras Kerr ("Kerr") pursuant to 42 U.S.C. § 1983. (ECF No. 1). Upon review, Kerr's section 1983 Complaint is **DISMISSED WITH PREJUDICE** pursuant to sections 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1) for failure to state a non-frivolous claim.

### BACKGROUND

Kerr has filed numerous lawsuits against numerous defendants based, in part, on the following set of facts that were set out in a prior dismissal order from this Court. *See Kerr v. Walmart Store*, No. 5:19-CV-00853-OLG (Order, Nov. 20, 2019). On April 8, 2018, Kerr attempted to return a backpack to Walmart. *Id.* According to Kerr, his attempt to return the backpack was refused. *Id.* According to Kerr, when he left the store, he was involved in a confrontation with the officers from the San Antonio Police Department, which resulted in Kerr being shot, tasered, nearly drowned, and beaten. *Id.* Kerr claims he awoke from a coma a week later and he was told part of his colon had been removed, he suffered a shattered femur, and his left arm and elbow had to be reconstructed. *Id.*

In this section 1983 Complaint, Kerr states that between July and December of 2019, he mailed numerous letters to the defendants in which he advised that the San Antonio Police Department, "EMT-Ambulance workers," the Bexar County Sheriff's Office, and the University Health System attempted to murder him and cover it up. (ECF No. 1). He seems to contend the defendants conspired, obstructed justice, and were negligent in failing to respond to his letters. (*Id.*). Kerr seeks damages in the amount of $750,000.00. (*Id.*).

## APPLICABLE LAW

Kerr brings this action pursuant to section 1983 and was granted leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 5). Section 1915(e)(2)(B)(i)–(iii) of Title 28 of the United States Code requires a Court to screen and dismiss an IFP complaint if the Court determines it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

Generally, a district cannot dismiss a complaint without affording the plaintiff at least one opportunity to cure pleading deficiencies. *Pierce v. Hearne, Indep. Sch. Dist.*, 600 Fed. App'x 194, 200 (5th Cir. 2015) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 305, 329 (5th Cir. 2002)); *Cobb v. Simmons*, 373 Fed. App'x 469, 470 (5th Cir. 2010) (citing *Bazrowx v. Scott*, 136 F.3d 1043, 1054 (5th Cir. 1998)).

However, if the defects in the complaint are incurable or the plaintiff has pleaded his "best case," the district court may dismiss without affording the plaintiff an opportunity to amend his complaint. *Pierce*, 600 Fed. App'x at 200; *Cobb*, 373 Fed. App'x at 470.

## APPLICATION

Kerr brought suit against President Trump, Attorney General Barr, and the Federal Bureau of Investigation ("FBI"). Kerr's claims against President Trump and Attorney General Bar in their official capacities is treated as a suit against the United States. *Ischy v. Miles*, 75 Fed. App'x 257, 258 (5th Cir. 2003) (per curiam) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985)); *Drake v. Panama Canal*, 907 F.2d 532, 534 (5th Cir. 1990). In the absence of a waiver, sovereign immunity shields the federal government and its agencies from suit. *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

Sovereign immunity is a jurisdictional defense. *See, e.g., Meyer*, 510 U.S. at 475; *Spectrum Stores, Inc. v. Citgo Petroleum Corp.*, 632 F.3d 938, 949 (5th Cir. 2011) (quoting *Republic of Austria v. Altmann*, 541 U.S. 677, 700 (2004)). In the absence of waiver of sovereign immunity, the Court lacks subject-matter jurisdiction to hear a suit against the United States. *United States v. Sherwood*, 312 U.S. 584, 591 (1941); *Ecker v. United States*, 358 Fed. App'x 551, 552–53 (5th Cir. 2009). A plaintiff must allege a basis for subject-matter jurisdiction in his complaint. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *see Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (holding complaint should be dismissed for lack of subject-matter jurisdiction where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction.")). Kerr did not allege a waiver of sovereign immunity in his Complaint, and this Court is not aware of any applicable waiver under statutory or federal common law. *See Davis*, 5097 F.3d at 649. Thus, the Court finds it lacks subject-matter

jurisdiction over Kerr's claims against President Trump and Attorney General Barr in their official capacities as well as his claims against the FBI, a federal agency. *See Meyer*, 510 U.S. at 475.

As for Kerr's claims, if any, against President Trump and Attorney General Barr in their individual capacities, they too are frivolous. An allegation that a government defendant merely failed to respond to a letter, without more, is insufficient to support a claim for violation of constitutional rights.[1] *Horttor v. Livingston*, No. 1:16-CV-214-BL, 2019 WL 2287903, at *5 (N.D. Tex. May 29, 2019) (citing *Canter v. O'Malley*, No. RWT 11 CV 918, 2012 WL 254014, at *8 (D. Md. Jan. 25, 2012) (noting that inmate's attempt to "force liability on the Governor and the Surgeon General by simply writing a letter and stating that failure to respond constituted deliberate indifference is illogical"); *Woods v. Goord*, No. 97 CIV 5143 (RWS), 1998 WL 740782, at *6 (S.D.N.Y. Oct. 23, 1998) (noting generally that "failure to respond to plaintiff's letter requesting help does not in itself evince deliberate indifference to plaintiff's medical needs")); *Morris v. Combs*, No. 4:13-CV-532-O, 2013 WL 5595962, at *4 n.20 (N.D. Tex. Oct. 11, 2013) (citing *Canter*, 2012 WL 254014, at *8; *Woods*, 1998 WL 740782, at *6).[2] Kerr has no constitutional right to have the President or the Attorney General respond to his correspondence.

---

[1] The Court notes Kerr failed to allege a specific constitutional violation by any of the defendants. (ECF No. 1).

[2] Additionally, section 1983 does not provide a remedy for constitutional deprivations committed by an individual acting under color of *federal* law. *Ischy*, 75 Fed. App'x at 258 (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). However, to the extent Kerr's claims can be construed as a *Bivens* claim, neither President Trump nor Attorney General Barr can be held liable because neither was personally involved nor participated in the alleged unconstitutional actions. *See Guerrero–Aguilar v. Ruano,* 118 Fed. App'x 832, 833 (5th Cir.2004) (holding that *Bivens* requires showing of personal involvement); *see also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 398 (1971) (holding that victims of constitutional violation by federal agent have right to recover damages against official in federal court despite absence of statute conferring such right).

## Conclusion

Based on the Court's foregoing analysis, Kerr has failed to state a non–frivolous claim in his section 1983 Complaint. (ECF No. 1). Pursuant to sections 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1) of Title 28 of the United States Code, his Complaint is subject to dismissal for failure to state a non-frivolous claim. (*Id.*); see 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii), 1915A(b)(1).

**IT IS THEREFORE ORDERED** that Kerr's section 1983 Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii), 1915A(b)(1) for failure to state a non–frivolous claim.

SIGNED this 22nd day of January, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE